UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO SALIDO, CDCR #AY-0083,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>WARDEN JAMES HILL, PLANT MANAGER STALLINGS, and JOHN DOES 1-10,<br><br>　　　　　　　　　Defendants. | Case No.: 25-cv-00502-AJB-MMP<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; and**<br><br>**(2) DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)**<br><br>**(Doc. Nos. 1, 2)** |

Plaintiff Rigoberto Salido, a state prisoner proceeding *pro se*, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff alleges that while confined at the R.J. Donovan Correctional Facility ("RJD") in San Diego, California, he fell and was injured due to a poorly maintained walkway. (*See id*.) Plaintiff has also filed a Motion to proceed in forma pauperis ("IFP"). (Doc. No. 2.)

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55,

although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1) & (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1) & (2); *Bruce*, 577 U.S. at 84.

Plaintiff's prison certificate shows he had an average monthly balance of $522.42 and average monthly deposits of $353.00 for the six months preceding the filing of this action, and an available balance of $279.39. (Doc. No. 4 at 4.) The Court **GRANTS** Plaintiff's motion to proceed IFP and assesses an initial partial filing fee of $104.48. Plaintiff remains obligated to pay the $245.52 balance of the filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

**II.  Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

**A.  Standard of Review**

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing

1  28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quotation marks omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted).

B. **Allegations in the Complaint**

Plaintiff, who is disabled within the meaning of the Americans with Disabilities Act ("ADA"), alleges that at about 9:00 a.m. on March 1, 2024, he was walking to his work

assignment on a paved walking path which is "very poorly maintained with cracks, potholes, uneven and rough surfaces," when one of the front tires on his ADA mobility assistance walker became lodged in a deep pothole. (Doc. No. 1 at 4.) His walker ceased forward momentum causing him to flip forward and fall hard on the pavement, injuring his left hip. (*Id*.) Plaintiff states the impact also "caused a nearly yearlong regression in his ongoing physical therapy by reinjuring his back." (*Id*.) He had only recently been able to use a walker rather than a wheelchair, and the injury forced him back into his wheelchair for almost a year. (*Id*.)

Plaintiff claims Defendants RJD Warden Hill, RJD Plant Manager Stallings, and John Does 1–10 negligently breached a heightened duty of care he was owed due to his ADA status to maintain the walkway in a safe condition, which also violated his Eighth Amendment right to be incarcerated free of dangerous conditions. (*Id*. at 5–8.)

C.   **Analysis**

1.   **Eighth Amendment Deliberate Indifference Claims**

Plaintiff claims Defendants were deliberately indifferent to his safety by negligently failing to keep the walkway in good repair. (Doc. No. 1 at 2, 5–8.) He alleges their actions caused him to fall and injure his hip and set back physical therapy for his back, returning him to his wheelchair from a walker. (*Id*. at 3–4.) He claims Defendants were responsible for maintaining the walkway and were aware of its unsafe condition through numerous administrative remedy requests and prior lawsuits by other prisoners also injured as a result of its condition. (*Id*.)

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, Plaintiff must allege the prison official had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302–03). A prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Although Plaintiff plausibly alleges Defendants were aware of the condition of the walkway through inmate grievances and lawsuits from other persons who were injured as a result of its condition, the Complaint does not plausibly allege any Defendant *actually* drew an inference that the walkway posed such a risk a substantial risk of serious harm to Plaintiff. There are no factual allegations showing Defendants drew such an inference, such as admissions in the grievances or lawsuits that they knew the walkway was *unsafe*, that is, that they knew it presented a substantial risk of *serious* harm, as opposed to being aware it was merely "very poorly maintained with cracks, potholes, uneven and rough surfaces," conditions which Plaintiff attributes to their negligence. *See Farmer*, 511 U.S. at 837 (a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *id.* at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence" and "more than ordinary lack of due care for the prisoner's interests or safety.") If Plaintiff wishes to proceed with an Eighth Amendment claim based on his fall, he must set forth facts which plausibly allege a Defendant *actually drew an inference* that the walkway posed a *substantial risk of Plaintiff falling*, as opposed to simply alleging the walkway was negligently maintained. *Id.*; *see also e.g. Levy v. Dep't of Corr.*, No. C12–5236 BHS, 2013 WL 1855854, at *2 (W.D. Wash. May 1. 2013) (finding no Eighth Amendment violation from trip and fall in sprinkler hole on recreation yard); *Coleman v. Sweetin*, 745 F.3d 756, 764 & n.7 (5th Cir. 2014) (collecting cases and noting "prisoner slip-and-fall claims almost never serve as a predicate for constitutional violations"). In order to plausibly allege a federal constitutional violation, Plaintiff must set forth facts showing Defendants knew of and consciously disregarded dangers *specific* to him, such as disability or accommodation findings of which they were aware *and* from which they *actually drew* an inference of an *excessive* risk of harm in navigating the walkway due to obstacles Plaintiff could not avoid, not merely allegations that they were aware others were injured as a result of the walkway

being in disrepair. *See Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996) (prisoner failed to plead exacerbating conditions rendered him unable to provide for his own safety as necessary to state an Eighth Amendment claim); *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) (holding that "[s]lippery floors without protective measures could create a sufficient danger" when coupled with allegations that an inmate using crutches had repeatedly fallen and injured himself on shower floors).

Plaintiff's Eighth Amendment deliberate indifference claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### 2. ADA Claim

To the extent Plaintiff attempts to state a claim under the ADA, a prisoner must allege:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of (his) disability."

*O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007).

The allegations in the Complaint fail to state an ADA claim because they fail to plausibly allege Defendants' actions were taken by reason of Plaintiff's disability. *Id*; *see also Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim).

To the extent Plaintiff sought to bring an ADA claim in the Complaint, it is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### 3. Negligence Claim

Plaintiff claims the Defendants' actions amounted to negligence under California law. (Doc. No. 1 at 5–7.) As noted, negligence does not state a federal claim. *Farmer*, 511

U.S. at 835. As to the state law negligence claim, the Court may "decline to exercise supplemental jurisdiction" over any supplemental state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). Because all federal claims have been dismissed from this action, the Court declines to exercise supplemental jurisdiction over any state law negligence claim at this time.

### D. Leave to Amend

In light of Plaintiff's pro se status, the Court grants leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

## III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP. (Doc. No. 2.)

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $104.48 initial partial filing fee and collect the $245.52 balance of the $350 filing fee by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

///

1       4.      **DISMISSES** all claims against all Defendants in the Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

      5.      **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order with respect to any or all other Defendants. Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint. Defendants not named and any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). If Plaintiff fails to amend, the Court will dismiss this action for failure to state a claim and failure to prosecute. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: March 26, 2025

                                    Hon. Anthony J. Battaglia
                                    United States District Judge