Rigoberto Salido (CDCR#AY0083)
In Pro Per
RJD Correctional Facility
480 Alta Road
San Diego, CA 92179

FILED
APR 17 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Rigoberto Salido,

             Plaintiff

v.

James Hill; Steven Stallings; and DOES 1 through 10, inclusive,

             Defendants.

Civil Case No.: 25-cv-00502-AJB-MMP
FIRST AMENDED
Complaint under the Civil Rights Act
42 U.S.C. §1983; and State Negligence

Demand for Jury Trial

1

## INTRODUCTION

1. Plaintiff brings this action to address both federal and state claims for violations of his constitutional rights to health and saftey, and negligence by Defendants, which resulted in significant and severe personal injury. Plaintiff is housed at the Richard J. Donovan Correctional Facility, an institution that is designated as a medical facility and accepts federal money to house Americans with Disabilities Act "ADA" mobility impaired incarcerated persons. For years Defendants have had knowledge of extreme safety defects, but have refused to utilize the federal money awarded to them to properly maintain or repair the facilities hardscape walking surfaces in a safe condition for ADA individuals. The abysmal condition of the walking path provided by Defendants directly caused Plaintiff's mobility assistance devices wheel to become lodged in a pothole. This abrupt stop then caused Plaintiff to go flying over his walker, violently landing on the pavement, resulting in numerous documented injuries, causing pain, suffering and mental anguish. Plaintiff brings causes of action for 8th amendment violations, and a California State personal injury claim for Negligence.

## JURISDICTION

2. Jurisdiction is invoked pursuant to 28 U.S.C. §1343(a); 42 U.S.C. § 1983; and 28 U.S.C. §1367.

3. This Court has jurisdiction of State Claims pursuant to 28 U.S.C. §1367.

4. All events giving rise to this action took place in the County of San Diego, State of California.

5. Administrative remedies were exhausted on 6/24/2024 (Exhibit "1")

6. Goverment Claims Program was exhausted 9/15/2024 (Exhibit "2")

///

7.  Defendants, and each of them, are not afforded any immunity or protections from suit due to their intentional violations of established law.

8.  Defendants, and each of them, have waived their U.S. Const. Amend. XI immunity by accepting federal funding under the rehabilitation act. (Clark v. California Department of Corrections) Americans with Disabilities act, 42 U.S.C. §12131-34 (ADA) and §504 of the Rehabilitation act of 1973, 29 U.S.C. §794.)

## PARTIES

9.  Plaintiff Rigoberto Salido, is and was at all times relevant hereto an incarcerated individual over the age of majority, residing at the Richard J. Donovan Correction Facility, 480 Alta Road San Diego, CA 92179.("RJDCF")

10. Defendant James Hill ("HILL") is and was at all times relevant hereto, an individual over the age of majority, residing in the County of San Diego, State of California. Defendant HILL is sued herein in his individual and official capacities. Defendant as Warden of RJDCF owed Plaintiff, as an incarcerated individual in his custody, a duty of care pursuant to California Code of Regulations, Title 15 §3380.

11. Defendants Steven Stallings ("STALLINGS") is and was at all times relevant hereto, an individual over the age of majority, and residing in the County of San Diego, State of Claifornia. Defendant STALLINGS is sued herein in his individual and official capacities. Defendant as the Plant Operations manager of RJDCF owed Plaintiff a duty pursuant to his signed duty position statement, to correct facility safety issues that could cause harm to Plaintiff

12. DOES 1 through 10, inclusive, are sued herein under ficticitous names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges, that each of the fictitiously named defendants

is responsible in some manner for the occurances herein alleged and that Plaintiffs damages as herein alleged were proximately caused by those defendants.

### GENERAL FACTS

13. Plaintiff has had numerus prior back surgeries due to a prior unrelated injury. As a result of those injuries he is dependant on a wheeled walker to aid in stabelizing him as he walks.

14. Plaintiff is a protected class member of the Americans with Disabilities Act, ADA.

15. The hardscape walking path at RJDCF facility "B" is very poorly maintained with cracks, potholes, uneven and rough surfaces. This is an ongoing and well documented issue as defendants have had numerous administrative remedy requests logged for the unsafe conditions and have been previously sued by other individuals due to injuries caused by their failure to maintain the facilities walking path in a safe and humane condition. (See exhibit "5")

16. On March 1st 2024 around 9am, while Plaintiff was walking to his work assignment at the Richard J. Donovan Correctional Facility, Bravo FAC, on the the paved walking path, when one of the front tires of his ADA mobility assistance walker became lodged in a deep pot hole in the pavement. This caused his walker to immediately cease forward momentum and Plaintiff's walking momentum propelled him forward flipping over his walker and resulted in blunt force injury to his left hip from falling hard on the pavement.

17. This impact caused Plaintiff tremendous pain and suffering and directly caused a nearly yearlong regression in his ongoing physical therapy by reinjuring his back. This incident forced Plaintiff back into a wheelchair for almost a year, and he has just recently been able to return to using his walker regularly. This severe regression in his physical mobility, due to the ijuries caused by defendants, additionally caused Plaintiff extreme emotional

distress and anguish.

18. The full incident was video recorded on the facility B audio/video surveillance system and has been preserved by defendants on physical media as demanded in the administrative grievance form. (Exhibit "1")

19. Immediately after the fall medical personnel attended to PLaintiff and he was sent to a triage treatment area, where a doctor administered a 30mg Toradol injection to help reduce the pain. During this time, documentatio of diagnosis of injury sustained by tramatic fall was created by the primary care practitioner and specialist, outlining their assessment of the injuries sustained, and pain managment medications to be prescribed due to the injury. (Medical documentation attached exhibit "3".)

### FIRST CAUSE OF ACTION

Negligence

California Civil Code §1714(a)

Plaintiff against HILL; STALLINGS; and DOES 1 through 10.

20. Plaintiff incorporates by this reference each of the allegations set forth above, inclusive, as though fully set forth at this point.

21. Plaintiff at all times relevant hereto was in Defendat HILL's custody, and pursuant to 15CCR §3380(a) HILL was charged with and responsible for the treatment of Plaintiff. As such HILL owed Plaintiff a duty of care by law.

22. Defendat STALLINGS' signed position duty statement details his responsibilities to maintain the facility that plaintiff is housed, in a safe humane and functional condition. And to immediately remedy any hazards.

23. Plaintiff as an incarcerated person, confined against his will in defendants custody, could not control the conditions of the facility or of

his confinement and was solely dependant on defendants to provide a safe, humane and hazard free enviroment.

24. Plaintiff is and was a mobility impaired individual and fully dependant upon his wheeled mobility assistance device for his stability. As such he was required to utilize the hardscape walking path provided by defendants.

25. Due to Plaintiff's status as an ADA protected individual, defendants HILL and STALLINGS owed him a "heightened duty of care" to provide a safe enviroment to traverse the facility with his wheeled mobility assistance device.

26. Defendants would utilize the walking path themselves on a weekly basis prior to this incident and directly observed the dangerous state of disrepair the walking path existed in. Defendants had prior knowledge that the walking path was unsafe, but refused to make necessary repairs. See exhibit "5".

27. On Febuary 18th 2025 nearly one year to date from the incident, defendants finally repaired some of the pot holes on the walking path. However, large holes still exist, ruff surfaces and rocks litter the surface, causing ongoing obstacles and hazards for Plaintiff.

28. Defendants HILL and STALLINGS operated with a clear pattern of deliberate indifference to the extremely unsafe conditions on facility "B".

29. Defendants, and each of them, breached their duty of care when they willfully failed to properly maintain the hardscape walking path surfaces. This caused potholes, cracks and uneven surfaces in the walking path to become more and more severe after years of their neglect.

30. Had the defendats maintained the walking path to be smooth, even and safe, Plaintiffs walking assistance wheel wouldn't have had any hole in which to become lodged in, causing his injury. As such, but for defendants breach of duty as alleged herein, Plaintiff would not have suffered any injury.

31. As a direct and proximate result of the acts of defendants, Plaintiff has been physically injured (exhibit "3") and has endured extreme pain and

suffering, and physical and emotional distress in an amount to be proven at trial.

32. Defendants committed the acts described herein maliciously, fraudulently, oppressively, and with the wrongful intent of harming plaintiff, as evidenced by their knowledge of the dangerous condition of the walking surfaces on facility "B" for years, and their intentional failure to remedy the issues. Defendats have intentionally deprived plaintiff of his civil rights, piece of mind, and his personal dignity; they showed extreme and deliberate indifference to plaintiff's physical, emotional and mental well-being. In doing so, defendants acted with malice, oppression, duress, and conscious disregard for plaintiff's rights. Entitling plaintiff to an award of punitive damages in an amount to be determined at trial.

### SECOND CAUSE OF ACTION

8th Amendment Violation, Cruel and Unusual Punishment

Plaintiff against HILL; STALLINGS; and DOES 1 through 10.

33. Plaintiff incorporates by this referance each of the allegations set forth above, inclusive, as though fully set forth at this point.

34. Plaintiff cannot mitigate his damages as he has no choice but to use the walking path provided by defendats, as that is how he accesses food services, law library, medical services, and canteen.

35. Defendants have intentionally and knowingly condoned and facilitated unsafe and hazardous living conditions for Plaintiff for years, causing him to be subjected to cruel and unusual punishment due to the hazardous living conditions he must endure on a daily basis.

36. No individual in a civilized society should be forced to navigate treacherous and unsafe conditions just to be able to eat, work and access

medical services.

37. Plaintiff is entitled to safe, secure and humane living conditions while in defendant's custody.

38. Defendants have conceded verbally to plaintiff, and in administrative responses and institutional work orders, that they had full knowledge that the dangerous walkways posed an excessive risk to plaintiff's health and safety, and presented significant serious hazardous conditions that had previously caused serious physical harm to numerous individuals. Defendants have conceded that the dangerous walkway conditions would continue to cause a serious and excessive risk to plaintiff's health and safety.

39. Defendants had knowledge of plaintiffs prescribed, prison provided, wheeled mobility device, and his physical dependancy on this device in order to remain stable and walk.

40. Defendants inferred from their knowledge of the ongoing serious injuries caused by the dangerous walkway conditions, combined with their knowledge of plaintiffs dependency on his wheeled device in order to walk, that it was significantly likely his wheel would become lodged in a hole or crack and cause his substantial and serious physical injury.

41. Defendants knowledge of the facts lead them to the conclusion that they had an obligation to correct the hazards that posed a substantial risk of serious harm to plaintiff. But, they intentionally disregarded the risks and failed to take corrective action. Plaintiffs injuries were a direct result of defendants failures.

42. Defendants were aware of and intentionally disregarded the substantial risk to plaintiff's health and safety in violation of law.

43. Defendants operated with total unconcern for the welfare of plaintiff, and with extreme and deliberate indifference to plaintiffs health and safety.

44. A year after plaintiff's serious injury the dangerous walkway conditions still existed, offering further supporting evidence that defendants mindset was of deliberate indifference to the risk of plaintiffs serious and significant physical injury.

45. Plaintiff was unable to provide for his own safety as he had no choice but to use the walkway to access critical services, and, obviously, as an incarcerated person in defendnat's custody, could do nothing to physically remedy the serious health and safety hazards posed by the walkway.

46. Defendants committed the acts described herein maliciously, fraudulently, oppresively, and with the wrongful intent of harming plaintiff, as evidenced by their admissions to knowledge of the dangerous conditions of the walking path on facility "B" for years, and their conclusion that plaintifs reliance on the walkways would pose a serious risk of harm to plaintiff, and their intentional failure to remedy the hazards. Defendants have intentionally deprived plaintiff of his civil rights, piece of mind, and his personal dignity; they operated with extreme and deliberate indifference to plaintiff's physical emotional and mental well-being. In doing so, defendants acted with malice, oppresion, duress, and conscious disregard for plaintiffs rights. Entitling him to an award of punitive damages.

### REQUEST FOR RELIEF

Plaintiff requests that this Court grant the following relief;

1. Defendants and their agents and employees shall be enjoined in a prohibative injunction barring any direct or indirect retaliation against Plaintiff for the filing of this action;

2. An injunction directing defendants and/or their successors to repair or replace and further maintain all hardscape surfaces in a safe and humane condition in which Plaintiff's wheeled mobility device can be operated without

obstruction or hazard;

3. Damages in the sum of $50,000.00;

4. Punitive damages in the sum of $150,000.00; and

5. For such other and further relif as the Court deems just and proper

### DEMAND FOR JURY TRIAL

Plaintitff hereby demands a jury trial in this matter.

### CONSENT TO MAGISTRATE JUDGE JURISDICTION

Plaintiff hereby consents to a magistrate judge jurisdiction in this matter.

DATED: April 11th, 2025          By:_____
                                    Rigoberto Salido, Plaintiff
                                    In Pro Per



K. Chavez #96797 4/14/25