UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

RIGOBERTO SALIDO,
CDCR #AY-0083,

Plaintiff,

vs.

WARDEN JAMES HILL, PLANT
MANAGER STALLINGS, and JOHN
DOES 1-10,

Defendants.

Case No.:  25-cv-0502-AJB (MMP)

**ORDER DISMISSING FIRST
AMENDED COMPLAINT WITHOUT
LEAVE TO AMEND PURSUANT TO
28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)**

On February 28, 2025, Plaintiff Rigoberto Salido, a state prisoner proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff alleged that while confined at the R.J. Donovan Correctional Facility ("RJD") in San Diego, California, he fell and was injured on a negligently maintained walkway.  *See id*.  Plaintiff also filed a Motion to proceed in forma pauperis ("IFP").  ECF No. 2.

On March 26, 2025, the Court granted Plaintiff leave to proceed IFP and dismissed the Complaint with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require *sua sponte* dismissal of a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are

1

immune from relief.  ECF No. 5.  The Court found the Complaint failed to plausibly allege the Defendants knew of and deliberately disregarded an excessive risk of harm to Plaintiff in navigating the walkway as necessary to state an Eighth Amendment claim, and failed to plausibly allege the Defendants took any action by reason of Plaintiff's disability as necessary to state a claim under the Americans with Disabilities Act ("ADA").  *Id*. at 4-6.  The Court declined to accept supplemental jurisdiction over the state law negligence claim.  *Id*. at 7.  Plaintiff was notified of the deficiencies of his pleading and granted leave to amend.  *Id*. at 4-7.  He has now filed a First Amended Complaint ("FAC").  ECF No. 6.

The first 7 pages of the FAC, which include the factual allegations, are a photocopy of the first 7 pages of the original Complaint.  *Compare* ECF No. 1 at 1-7 *with* ECF No. 6 at 1-7.  The remaining two pages of the FAC repeat the argument in the original Complaint, which was addressed by the Court in the prior screening order, that because the Defendants were aware of the dangerous condition of the walkway through other incidents of inmate injuries they were on notice it presented an excessive risk to Plaintiff, and their failure to adequately repair and maintain it shows deliberate indifference to that risk.  ECF No. 6 at 8-9.  For the reasons set forth herein, because the FAC generally repeats the factual allegations in the original Complaint without curing the previously identified pleading deficiencies and it is now clear Plaintiff is unable to plausibly allege a federal constitutional violation, the FAC is dismissed without further leave to amend.

## I.    Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.    Standard of Review

Because Plaintiff is a prisoner proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quote marks omitted).

## B.    Allegations in the Complaint

Plaintiff once again alleges he is disabled within the meaning of the ADA and that at about 9:00 a.m. on March 1, 2024, he was walking to his work assignment on a paved walking path which is "very poorly maintained with cracks, potholes, uneven and rough surfaces," when one of the front tires on his ADA mobility assistance walker became lodged in a deep pothole. ECF No. 6 at 4. His walker ceased forward momentum causing him to flip forward and fall hard on the pavement, injuring his left hip. *Id*. Plaintiff states the impact "caused a nearly yearlong regression in his ongoing physical therapy by reinjuring his back." *Id*. He had only recently been able to use a walker rather than a wheelchair, and the injury forced him back into his wheelchair for almost a year. *Id*. Although the track was repaired in February 2025, "large holes still exist, rough surfaces and rocks litter the surface, causing ongoing obstacles and hazards for Plaintiff." *Id*. at 6.

Plaintiff claims Defendants RJD Warden Hill, RJD Plant Manager Stallings, and John Does 1-10, negligently breached their duty of care to maintain the walkway in a safe condition, which also violated his Eighth Amendment right to be incarcerated free of dangerous conditions. *Id*. at 5-9. Plaintiff presents as exhibits: (1) five declarations from other inmates injured by falling or nearly falling on the walkway, (2) his medical records, (3) his inmate grievance complaining of his March 1, 2024 fall which was granted and indicates the prison was in the process of making repairs, and (4) an inmate grievance from

another inmate regarding a February 23, 2024 incident where his wheelchair hit a pothole and he was injured.  ECF No. 6-1 at 3-41.

### C.    Analysis

Plaintiff claims Defendants negligently failed to keep the walkway in good repair, and that their actions caused him to fall and injure his hip in February 2004 and set back physical therapy for his back, returning him to his wheelchair from a walker.  ECF No. 6 at 4, 7-9.  He claims Defendants were aware of the walkway's unsafe condition through complaints by other prisoners and inmate grievances, and that their response to his inmate grievance that "it appears Demand Maintenance Work Order No. 603572 was submitted, and ongoing efforts to fix the problem are occurring," combined with their inadequate repair efforts in February 2025, shows deliberate indifference to the risk it posed.  ECF No. 6-1 at 8-9.

"[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious.'"  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Second, Plaintiff must allege the prison official had a "sufficiently culpable state of mind," that is, "one of 'deliberate indifference' to inmate health or safety."  *Id.,* quoting *Wilson*, 501 U.S. at 302-03.  A prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

Although Plaintiff plausibly alleges Defendants were aware of the condition of the walkway through inmate grievances and complaints from other persons who were injured, and were aware it needed repair, the FAC once again does not plausibly allege any Defendant actually drew an inference that the condition of the walkway posed a substantial risk of serious harm to Plaintiff.  There are once again no factual allegations showing Defendants drew such an inference, such as admissions in the grievances or lawsuits that they knew the walkway presented a *substantial risk* of *serious* harm, as opposed to

acknowledging it needed repairs and indicating that repairs were being made or scheduled to be made. Although Plaintiff maintains that Defendants have continued to negligently maintain the walkway because the repairs made in February 2025 are inadequate in that it still contains potholes and rough, uneven services, and that they know its condition has and continues to present tripping and falling hazards, there remains no factual allegation that any Defendant was aware of facts from which they could draw an inference that the walkway posed a *substantial* risk of *serious* injury, as opposed to merely being aware it was poorly maintained with cracks, potholes, uneven and rough surfaces, conditions which Plaintiff attributes to their negligence. *See Farmer*, 511 U.S. at 837 (a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *id*. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence" and "more than ordinary lack of due care for the prisoner's interests or safety.")

Plaintiff was instructed in the Court's prior dismissal order that to proceed with an Eighth Amendment claim based on his fall, he must set forth facts which plausibly allege a Defendant *actually drew an inference* that the walkway posed a *substantial risk of Plaintiff* falling, as opposed to simply alleging the walkway presented trip and slip hazards which could be avoided. ECF No. 5 at 5-6, citing *Farmer*, 511 U.S. at 835, 837 and *Levy v. Department of Corrections of Washington*, 2013 WL 1855854, at *2 (W.D. Wash. May 1, 2013) (finding no Eighth Amendment violation from trip and fall in sprinkler hole on recreation yard); *Coleman v. Sweetin*, 745 F.3d 756, 764 & n.7 (5th Cir. 2014) (collecting cases and noting "prisoner slip-and-fall claims almost never serve as a predicate for constitutional violations.") Plaintiff has instead merely repeated his allegations that Defendants were aware he and other inmates were injured as a result of the walkway's condition, and that they have attempted to fix the walkway but have negligently failed to do so to his satisfaction. He once again fails to include factual allegations plausibly alleging Defendants drew an inference the walkway is unable to be traversed safely or avoided to the point that their efforts to repair it represent deliberate indifference to a

*substantial* risk of *serious* injury Plaintiff was unable to avoid. *See Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996) (prisoner failed to plead exacerbating conditions rendered him unable to provide for his own safety as necessary to state an Eighth Amendment claim); *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) (holding that "[s]lippery floors without protective measures [such as handicap bars] could create a sufficient danger" when coupled with allegations that an inmate using crutches had repeatedly fallen and injured himself on shower floors).

Plaintiff's Eighth Amendment deliberate indifference claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

Plaintiff has abandoned his ADA claim from the original Complaint because he has not included it in the FAC. He was instructed in the prior dismissal order that an amended pleading supersedes the original and that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered waived. ECF No. 5 at 8. In any case, Plaintiff has not cured the defect of pleading an ADA claim identified in the prior dismissal order because he once again has failed to plausibly allege Defendants' actions were taken by reason of his disability. *Id.* at 6.

As to the state law negligence claim, the Court once again declines to exercise supplemental jurisdiction over this supplemental state law claim because it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") The dismissal of this action is without prejudice to Plaintiff to pursue his negligence claim in state court.

### D.    Leave to Amend

In light of Plaintiff's pro se status, the Court granted him leave to amend his original Complaint to attempt to cure the pleading defects identified above. However, Plaintiff has

presented the same factual allegations, and it is now clear he is unable to plausibly allege a federal constitutional violation arising from his fall on the walkway. *See Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights.") Accordingly, the Court dismisses this action without further leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

## III.    Conclusion and Orders

Good cause appearing, the Court **DISMISSES** all claims against all Defendants in the First Amended Complaint without leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Clerk of Court will enter final judgment accordingly and close the file.

**IT IS SO ORDERED.**

Dated:  May 7, 2025

Hon. Anthony J. Battaglia
United States District Judge